

FILED
AUG 2 - 2011
U.S. CLERK'S OFFICE
EVANSVILLE, INDIANA

| | |
|---|---|
| CHRISTINA DECKER, ) | |
| ) | |
| Plaintiff, ) | 1:11-cv-1038 SEB-DKL |
| ) | |
| v. ) | CAUSE NO. |
| ) | |
| INDIANAPOLIS DOWNS, LLC, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. This is an action brought by Plaintiff, Christina Decker ("Decker"), against Defendant, Indianapolis Downs, LLC ("Defendant"), for unlawfully violating her rights as protected by the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. §12101 et. seq and the Family Medical Leave Act of 1993 ("FMLA"), as amended, 29 U.S.C. §2601 et. seq.

## PARTIES

2. Decker resided within the Southern District of Indiana at all relevant times.

3. Employer is a corporation doing business in the Southern District of Indiana.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. §1331, 29 U.S.C. §2617(a)(2). and 42 U.S.C. §12117.

5. Defendant is an "employer" as that term is defined by 42 U.S.C.

§12111(5)(A) and 29 U.S.C. §2611(4).

6. Decker was an "employee" and an "eligible employee" as those terms is defined by 42 U.S.C. §12111(4) and 29 U.S.C. §2611(2), respectively.

7. Decker satisfied her obligation to exhaust her administrative remedies having timely filed a charge of retaliation with the U.S. Equal Employment Opportunity Commission. Decker received a Notice of Suit Rights and now brings this original action within 90 days thereof.

8. All facts, events, and transactions giving rise to this lawsuit occurred within the Northern District of Indiana. Venue is, therefore, proper in this Court.

## FACTUAL ALLEGATIONS

9. Decker began her employment with Defendant on or about June 16, 2008

10. Plaintiff met or exceeded Defendant's legitimate expectations of\ performance at all relevant times.

11. Decker's daughter suffers from a physical impairment that substantially limits her in one or more major life activities. Therefore, Decker is associated with a qualified individual with a disability as that term is defined by the ADA.

12. Decker advised Defendant that her daughter suffered from a serious health condition.

13. In December 2008, Decker's daughter underwent surgery for her condition. Initially, Defendant accommodated the daughter's disability.

14. In response to the accommodations being afforded to Decker, co-workers started belittling Decker so as to create a hostile work environment. Decker complained to management about this mistreatment.

15. In July 2009, Defendant told Decker it would no longer accommodate her daughter's condition. Moreover, Defendant started suspending Decker for missing work time that otherwise would have been covered by the Family Medical Leave Act.

16. On October 15, 2010, Decker was suspended for the third time. Decker understood that this suspension meant she was terminated. She inquired about her job status and was told that it was uncertain if she would be permitted to return to work.

17. Decker suffered harm as a result of Defendant's failure to accommodate him.

## I. LEGAL COUNT – VIOLATIONS OF THE ADA

18. Decker hereby incorporates paragraphs 1-17 of her Complaint.

19. Defendant failed to engage in the interactive process, failed to afford Decker one or more reasonable accommodations, and/or terminated Decker because she was associated with a qualified individual with a disability.

20. Similarly-situated non-disabled employees were treated more favorably in the terms, privileges, and conditions of their employment.

21. Defendant's actions were willful and/or reckless.

22. Decker has been harmed by Defendant's intentional violation of the ADA.

## II. LEGAL COUNT: FMLA VIOLATIONS

23. Decker hereby incorporates paragraphs one (1) through twenty-two (22) of her Complaint.

24. Defendant unlawfully retaliated against Decker in violation of the FMLA. Moreover, Defendant interfered with Decker's right to exercise her rights under the FMLA.

25. Similarly-situated employees who did not use FMLA leave were treated more favorably in the terms, privileges, and conditions of their employment.

26. Defendant's actions were intentional, willful and in reckless disregard of Decker's rights as established by the FMLA.

27. Decker suffered damages as a result of Defendant's unlawful actions.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Christina Decker, by counsel, respectfully requests that this Court find for her and order that:

1. Defendant be ordered to refrain and resist from further discrimination against Decker;

2. Defendant pay Decker all wages lost and the value of any related benefits as a result of its violations of law;

3. Defendant reinstate Decker, or order that Defendant pay a fair and commensurate amount of front pay in lieu thereof;

4. Defendant pay Decker an appropriate amount of compensatory damages;

5. Defendant pay punitive and liquidated damages to Decker;

6. Defendant pay pre- and post- judgment interest to Decker;

7. Defendant pay Decker's attorney's fees and costs incurred in litigating this action; and

8. Defendant pay to Decker any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully Submitted,

_____
Andrew Dutkancyh III, (Atty No. 23551-49)
Christopher S. Wolcott (Atty No. 23259-32)
BIESECKER DUTKANYCH & MACER, LLC
8888 Keystone Crossing, Suite 1300
Indianapolis, Indiana 46240
Telephone (317) 575-4120
Facsimile (317) 575-4123
ad@bdlegal.com
cwolcott@bdlegal.com

Attorneys for Christina Decker

## **DEMAND FOR JURY TRIAL**

Christina Decker requests a jury trial on all issues deemed so triable.

Respectfully Submitted,

_____
Andrew Dutkancyh III, (Atty No. 23551-49)
Christopher S. Wolcott (Atty No. 23259-32)
BIESECKER DUTKANYCH & MACER, LLC
8888 Keystone Crossing, Suite 1300
Indianapolis, Indiana 46240
Telephone (317) 575-4120
Facsimile (317) 575-4123
ad@bdlegal.com
cwolcott@bdlegal.com

Attorneys for Christina Decker